UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BILLY BINGHAM,

          *Plaintiff,*

                            CASE NO. 4:20-cv-12686

*v.*

                            DISTRICT JUDGE STEPHANIE DAWKINS DAVIS
A. COFFELT,                  MAGISTRATE JUDGE PATRICIA T. MORRIS
T. SCHRUBRING,

          *Defendants.*

_____/

## REPORT AND RECOMMENDATION ON DEFENDANT SCHUBRING'S MOTION FOR SUMMARY JUDGMENT (ECF No. 16) AND PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT (ECF No. 27)

### I.   RECOMMENDATION

For the reasons discussed above, **I RECOMMEND** that Plaintiff's motion for leave to file an amended complaint, (ECF No. 27), be **GRANTED**, and Defendant Schubring's motion for summary judgment (ECF No. 16) be denied as moot.

### II.   REPORT

#### A. Background

Plaintiff is a prisoner in the custody of the Michigan Department of Corrections ("MDOC") who alleges that defendants, Amy Coffelt and Timothy Schubring, both employees of the MDOC, refused to provide him with medically necessary meals. (ECF No. 1, PageID.2–5.) On August 9, 2021, Schubring, alone, moved for summary judgment, arguing that Plaintiff failed to exhaust his administrative remedies before filing the present lawsuit, as required by the Prison Litigation Reform Act ("PLRA"). (ECF No. 16,

1

PageID.57–58.) Plaintiff concedes that he failed to exhaust his administrative remedies and therefore does not oppose Schubring's motion for summary judgment. (ECF No. 20, PageID.131.)

On October 22, 2021, following an order from this Court requiring Coffelt to reply to Plaintiff's complaint, Coffelt and Schubring jointly filed an answer to Plaintiff's complaint. (ECF Nos. 24, 26.) On November 4, Plaintiff filed a proposed amended complaint and moved this Court for leave to file his first amended complaint. (ECF Nos. 27, 28.) In his proposed amended complaint, Plaintiff removed Schubring as a defendant, eliminated a count alleging a "conspiracy to violate the Eighth Amendment" against both Defendants, and clarified that he was suing Coffelt in both her official and personal capacity. (ECF No. 28, PageID.173, 177–78; *see* ECF No. 1, PageID.5–6.) The amended complaint also elaborated on Plaintiff's requested relief. While the original complaint broadly requested monetary and equitable relief, the amended complaint clarified the minimum amounts of monetary damages that Plaintiff desired, and it specified that Plaintiff sought an injunction requiring Coffelt to reinstate his meal plan. (*Compare* ECF No. 1, PageID.8, *with* ECF No. 28, PageID.179.)

The amended complaint also made a few minor changes to Plaintiff's factual assertions. (*See* ECF No. 28, PageID.174–77.) First, the amended complaint omitted all references to Schubring. (*Id.*) Plaintiff also added an allegation that he requested prison officials to reinstate his meal plan, but that on September 6, 2020, this request was denied. (*Id.* at PageID.176–77.) This same response stated that Plaintiff would "'benefit from a high protein' diet"; however, by October 21, 2021, Plaintiff stopped receiving his "high

2

protein snack supplemental." (*Id.* at PageID.177.)   Defendants have not responded to Plaintiff's motion for leave to amend, and their deadline to respond has passed.

### B. Motion for Leave to Amend Complaint

Plaintiff's motion for leave to amend is governed by Rule 15(a) of the Federal Rules of Civil Procedure.   Rule 15(a) provides that a party may amend his or her complaint pursuant to the following:

> (1) Amending as a Matter of Course.  A party may amend its pleading once as a matter of course within:
>
> (A) 21 days after serving it, or
>
> (B) If the pleading is one to which a responsive pleading is *required*, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) Other Amendments.  In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a) (emphasis added); *Berry v. Specialized Loan Servicing, LLC*, No. 2:18-cv-02721, 2020 WL 3485577, at *4 (W.D. Tenn. Feb. 24, 2020).   Under this Rule, generally, a party may amend its pleading once as a matter of course, but in all other cases it may amend a pleading only with the opposing party's consent or with leave of the court.  *Commerce Benefits Group, Inc. v. McKesson Corp.*, 326 F. App'x 369, 376 (6th Cir. 2009).

I suggest that Plaintiff may amend his Complaint as a matter of course.  Although, Plaintiff's motion to amend was filed well beyond three weeks of his original complaint, Rule 15(a)(1)(B) provides that a Party may also amend his or her complaint within three

3

weeks of a *required* responsive pleading.  Generally, in suits governed by the Prisoner Litigation Reform Act ("PLRA"), such as the present case, defendants are not required to respond to a prisoner's complaint.  42 U.S.C. § 1997e(g)(1) (2012).  Thus, where a defendant files an answer, the plaintiff generally may not file an amended complaint as a matter of course under Rule 15(a)(1)(B).  *See Heard v. Strange*, 2:17-cv-13904, 2018 WL 4576797, at *2 (E.D. Mich. May 22, 2018) (*report and recommendation adopted in relevant part by Heard v. Strange*, No. 17-13904, 2018 WL 4178496 (2018)).  However, the PLRA also provides that courts may "require any defendant to reply to a complaint brought under this section if it finds that the plaintiff has a reasonable opportunity to prevail on the merits."  42 U.S.C. § 1997e(g)(2).

Here, the Court determined that Plaintiff had a reasonable opportunity to prevail on the merits and it required Coffelt to file an answer to Plaintiff's original complaint.  (ECF No. 24.)  Because Coffelt's answer was required by the Court, Plaintiff could file an amended complaint within three weeks of the answer.  *See* Fed. R. Civ. P. 15(a)(1)(B); *Jones v. Barnhart*, Case No. 2:10-cv-12114, 2017 WL 1493005, at *2 (E.D. Mich. Apr. 26, 2017) (holding that in the context of § 1997e(g), "reply" includes an answer).  Plaintiff filed his motion to amend and proposed amended complaint within this timeframe, and accordingly, I suggest that this Court should grant Plaintiff's motion to amend as a matter of course.  *See Heard*, 2018 WL 4576797, at *3 (reasoning that an order to file a reply under § 1997e(g)(2) would allow a plaintiff to file an amended complaint as a matter of course under Rule 15(a)(1)(B)).

4

Alternatively, I suggest that this Court should grant Plaintiff leave to file an amended complaint under Rule 15(a)(2). A court has discretion in allowing amendments. *Berry*, 2020 WL 3485577, at \*4 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Troxel Manuf. Co. v. Schwinn Bicycle Co.*, 489 F.2d 968, 970–71 (6th Cir. 1973)). In its discretion to allow an amendment, a court considers factors such as undue delay, repeated failure to cure deficiencies by amendments previously allowed, bad faith or dilatory motive, futility of an amended pleading, and undue prejudice to the opposing party. *Berry*, 2020 WL 3485577, at \*4 (citing *Shane v. Bunzl Distribution USA, Inc.*, 200 F. App'x 397, 406 (6th Cir. 2006)). However, "delay alone is an insufficient reason to deny a motion to amend." *Minor v. Northville Public Schools*, 605 F. Supp. 1185, 1201 (E.D. Mich. 1985) (internal quotation omitted); *see Moore v. City of Paducah*, 790 F.2d 557, 561 (6th Cir. 1986).

Here, the Court should exercise its discretion to allow Plaintiff to amend his complaint. Plaintiff's proposed amendment does not appear to be motivated by "bad faith or dilatory motive" and the proposed amendments would not create an undue prejudice to defendants. *See Foman*, 371 U.S. at 182. Quite the opposite, Plaintiff's amended complaint would drop Schubring as a party and eliminate one count from the original complaint. (*See* ECF No.28, PageID.173.) Such an amendment is favorable to defendants and it creates a judicially efficient avenue for this Court to address Schubring's motion for summary judgment. *See Police & Fire Sys. of the City of Detroit v. Watkins*, 08-12582, 2008 WL 11355562, at \*4 (E.D. Mich. Dec. 18, 2008) (treating judicial economy as a relevant factor when deciding a motion to amend).

Plaintiff's amended complaint contains several minor changes to his factual assertions. These changes do not materially alter his factual allegations—both the original complaint and the amended complaint allege essentially the same facts. (*Compare* ECF No. 1, PageID.2–5, *with* ECF No. 28, PageID.174–77.)[1] Likewise, Plaintiff's amendments to his requested relief are relatively minor and would do little to prejudice defendants. (*See* ECF No. 28, PageID.179.) Plaintiff's original complaint requested both monetary and equitable relief—the amended complaint simply specifies what monetary and equitable relief, specifically, Plaintiff is looking for. (*Compare id.*, *with* ECF No. 1, PageID.8.) This amendment is harmless because, notwithstanding some limitations imposed by the PLRA, once a Plaintiff requests monetary damages, the "precise amount" of damages "is necessarily left to the finder of fact." *See Hill v. Spiegel, Inc.*, 708 F.2d 233, 238 (6th Cir. 1983) (quotation marks omitted) (quoting *Drayton v. Jiffee Chemical Corp.*, 591 F.2d 352, 366 (6th Cir. 1978)). Similarly, once a plaintiff requests equitable relief, the decision to award an injunction is left to the court's discretion. Envtl. L. Inst., Law of Environmental Protection § 9.183 (2021) (citing *Swann v. Charlotte-Mecklenburg Bd. of Ed.*, 402 U.S. 1, 15 (1971)). Plaintiff's proposed amendment is simply inconsequential. *See Galli v.*

---

[1] Insofar as Plaintiff alleges that the MDOC stopped providing him a "high protein snack" on October 1, 2021, this change to his original complaint is properly construed as a motion to supplement, under Rule 15(d), instead of a motion to amend under Rule 15(a). Unlike amended pleadings, supplemental pleadings "are intended to cover matters occurring after the original complaint was filed." *Murphy v. Grier*, No. 07–CV–15248, 2009 WL 1044832, at *19 (E.D. Mich. Apr. 20, 2009) (quotation marks omitted) (quoting *United States ex rel. Kinney v. Stoltz*, 327 F.3d 671, 673 n. 4 (8th Cir.2003)). This allegation postdates Plaintiff's original complaint, which was filed on September 25, 2020, by about one year. (ECF No. 1.) However, this distinction does not affect this Court's analysis because "[t]he standard for granting leave to amend under Rule 15(a) is identical to the standard governing leave to supplement under Rule 15(d)." *Van Hynes v. Mich. Dept. of Corrections*, No. 20-13432, 2021 WL 3231736, at *6 (E.D. Mich. July 29, 2021) (citing *Spies v. Voinochi*, 48 F. App'x 520, 527 (6th Cir. 2002)).

6

*Morelli*, 277 F. Supp.2d 844, 861 (S.D. Ohio 2003) (holding that a complaint which generally requested equitable relief, without specifying the precise relief sought, comported with the requirements of Federal Rule of Civil Procedure 8(a)(3)).

Last, Plaintiff's amended complaint specifies that he is suing Coffelt in both her personal and her official capacity.  (ECF No. 28, PageID.173.)  By contrast, Plaintiff's original complaint simply lists Coffelt as a defendant without specifying the capacity in which she is being sued.  (ECF No. 1, PageID.1.)  This amendment aids both Coffelt and the Court by clarifying the nature of his claim against Coffelt.  Further, it does not appear that this amendment was brought in bad faith—Plaintiff is an unrepresented prisoner, not a legal expert, and his delay in specifying the capacity in which he is suing Coffelt is likely a product of his ignorance of the rather complex body of law surrounding § 1983 actions. *See Foman*, 371 U.S. at 182.  Similarly, because Plaintiff is a pro se prisoner, his original complaint would likely have been liberally construed as alleging both individual capacity and official capacity claims against Coffelt anyway; thus, the proposed amendment does little to prejudice Coffelt.  *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

Nor would an official capacity claim against Coffelt be futile.  Although it is true that Coffelt, in her official capacity only, is entitled to sovereign immunity, sovereign immunity does not apply where, such as here, a plaintiff sues a state or a state official for injunctive relief to remedy a constitutional violation.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Ex parte Young*, 209 U.S. 123, 148 (1908).

Accordingly, I suggest that if the Court does not allow Plaintiff to amend her complaint as a matter of right, it should exercise its discretion to permit an amendment under Federal Rule of Civil Procedure 15(a)(2).

### C. Motion for Summary Judgment

Because Plaintiff's proposed amendment would drop Schubring as a party, I suggest that if the court permits his proposed amendment, then Schubring's motion for summary judgment (ECF No. 16) should be denied as moot.

### E. Conclusion

For the reasons discussed above, **I RECOMMEND** that Plaintiff's motion for leave to file an amended complaint, (ECF No. 27), be **GRANTED**, and Defendant Schubring's motion for summary judgment (ECF No. 16) be denied as moot.

## III.   <u>REVIEW</u>

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  A party may respond to another party's objections within 14 days after being served with a copy."  Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this R&R.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991);

*Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this R&R to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  December 14, 2021                        S/ PATRICIA T. MORRIS
                                                Patricia T. Morris
                                                United States Magistrate Judge